# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0355(E)

ANGEL VAZQUEZ-FLORES, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued May 9, 2012                                    Decided July 31, 2012)

*Kathy Lieberman*, of Washington, D.C., for the appellant.

*Debra L. Bernal*, with whom *Will A. Gunn*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, were on the brief, all from Washington, D.C., for the appellee.

Before KASOLD, *Chief Judge*, and HAGEL and GREENE, *Judges*.

KASOLD, *Chief Judge*: Veteran Angel Vazquez-Flores applies through counsel pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for an award of attorney fees and expenses in the amount of $29,560.92 for 179.4 hours of attorney work and $865.40 in expenses. The Secretary challenges Mr. Vazquez-Flores's EAJA application in part asserting substantial justification and, alternatively, unreasonable fees. Single-judge disposition was rendered in a December 16, 2011, memorandum decision; however, reconsideration was granted at Mr. Vazquez-Flores's request, and this matter was assigned for panel decision. The panel heard oral argument on May 9, 2012. The December 16 memorandum decision will be withdrawn and this decision issued in its stead. For the reasons set forth below, Mr. Vazquez-Flores's EAJA application will be granted in part.

## I. FACTUAL AND PROCEDURAL HISTORY PRIOR TO EAJA APPLICATION

Mr. Vazquez-Flores appealed a February 1, 2005, Board of Veterans' Appeals (Board) decision that denied benefits for his neuropsychiatric disorder, including as secondary to a service-connected renal disability, because it was not service connected, and denied an increased disability rating for his service-connected nephrolithiasis, including an extraschedular rating. On appeal, Mr. Vazquez-Flores argued that the Board (1) provided an inadequate statement of reasons or bases with regard to his claim for benefits for his neuropsychiatric disorder, (2) erred in finding that he was adequately notified how to substantiate his claim for an increased disability rating for his nephrolithiasis, and (3) provided an inadequate statement of reasons or bases with regard to its denial of an increased disability rating, including an extraschedular rating, for his nephrolithiasis.

On January 30, 2008, the Court held that the Board (1) provided an inadequate statement of reasons or bases for its decision with regard to Mr. Vazquez-Flores's claim for benefits for neuropsychiatric disorder, and (2) clearly erred in finding that the Secretary had provided adequate notice with regard to Mr. Vazquez-Flores's claim for an increased disability rating for his nephrolithiasis because the notice lacked specificity tied to the requirements for a higher rating as reflected in the assigned diagnostic code. *Vazquez-Flores v. Peake*, 22 Vet.App. 37 (2008). The Board decision was set aside and the matters remanded for further adjudication. *Id*. The Court did not address Mr. Vazquez-Flores's argument that the Board provided an inadequate statement of reasons or bases with regard to its denial of an increased disability rating, including an extraschedular rating, for his nephrolithiasis.

The Secretary appealed that part of the Court's decision that held that the Board clearly erred in finding that the Secretary had provided adequate notice with regard to Mr. Vazquez-Flores's claim for an increased disability rating for nephrolithiasis. On appeal, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) determined that specific notice how to substantiate an increased disability rating claim was not required – i.e., only general notice how to substantiate the claim was required – and remanded the matter for further review. *Vazquez-Flores v. Shinseki*, 580 F.3d 1270 (Fed. Cir. 2009).

On remand, the Court clarified that its January 30, 2008, decision with regard to Mr. Vazquez-Flores's claim for benefits for a neuropsychiatric disorder was not appealed by the Secretary

and remained the decision of the Court on that matter. *Vazquez-Flores v. Shinseki*, 24 Vet.App. 94 (2010). Applying the Federal Circuit's decision that the Secretary is required to provide only general notice how to substantiate an increased disability rating claim, the Court found that the Secretary's notice was incomplete. However, the Court also found that the notice error was harmless and affirmed that part of the Board decision that denied an increased schedular rating for Mr. Vazquez-Flores's neuropsychiatric disorder.

Although Mr. Vazquez-Flores argued in his initial brief that the Board provided an inadequate statement of reasons or bases with regard to its denial of an increased disability rating, including an extraschedular rating, for his nephrolithiasis, the Court did not address this issue in its January 2008 decision. Moreover, this issue was not again briefed after remand from the Federal Circuit and the Court again did not address this part of Mr. Vazquez-Flores's initial argument in its final decision on the merits. Rather, the Court sua sponte noted that possible entitlement to an extraschedular rating for nephrolithiasis was inextricably intertwined with the claim for benefits for both disabilities. Thus, in light of the Court's remand of his claim for benefits for a neuropsychiatric disorder, the Court also remanded the issue of Mr. Vazquez-Flores's possible entitlement to an extraschedular rating for his nephrolithiasis. The Court also sua sponte found that the Board failed to address entitlement to total disability based on individual unemployability (TDIU), which had not been argued by Mr. Vazquez-Flores but reasonably had been raised by the record, and remanded this matter for further adjudication. *Id*.

## II. PARTIES' ARGUMENTS WITH REGARD TO THE EAJA APPLICATION

Mr. Vazquez-Flores argues that he is entitled to EAJA fees and expenses for all the time reasonably spent on the case. He argues that he was a prevailing party because he prevailed before the Court on his claim for benefits for his neuropsychiatric disorder. Moreover, he argues that when the Court set aside part of the Board decision and remanded the matters on appeal, the legal relationship of the parties was changed, making him a prevailing party. Additionally, he argues that all his arguments before the Court and Federal Circuit were reasonable and deserving of attorney fees and expenses, even though his arguments related to his claim for increased benefits for nephrolithiasis were not the basis for a remand of that matter.

3

The Secretary agrees that Mr. Vazquez-Flores is a prevailing party, and does not contest the EAJA application with regard to fees and expenses related to the claim for benefits for a neuropsychiatric disorder. Although the Secretary initially argued that he was substantially justified with regard to the claim for increased benefits for nephrolithiasis and incorporated that argument in a supplemental memorandum of law, his overall position is that Mr. Vazquez-Flores's success (or lack of success) in his arguments should be a significant consideration when assessing the reasonableness of his EAJA application. More specifically, the Secretary argues that none of Mr. Vazquez-Flores's arguments related to his claim for benefits for nephrolithiasis should be awarded EAJA fees because none of his arguments were the basis for remand.

In response to a request for supplemental briefing, both parties argued that the "special circumstances" exception for denying an EAJA application requires some degree of fraud or bad faith on the part of the applicant, which each party also argued was not present in this case. Additionally, prior to oral argument, the Secretary asked the Court to take judicial notice of an alternative position taken in another case pending before the Court in which the Secretary argued that the Court should extend the special circumstances exception to include situations where appellant's success on the claim was independent of counsel's arguments. He did not, however, change his argument in this case. Accordingly, other than to grant the Secretary's motion to take judicial notice of an alternative position on the issue, the special circumstance exception will not be further discussed.

## III. DISCUSSION

### A. Whether a Party is a Prevailing Party is a Threshold Determination.

EAJA fees may be awarded only when the applicant is a prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004); *Owens v. Brown*, 10 Vet.App. 65, 66 (1997). Prevailing party status is a threshold determination that bars any and all EAJA awards if not met. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). An appellant is considered a prevailing party upon either "(1) the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or (2) a court remand predicated upon administrative error." *Zuberi v. Nicholson*, 19 Vet.App. 541, 544 (2006); *but see Buckhannon Bd.*

4

*& Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) ("catalyst theory" – which pertains to a situation in which a defendant voluntarily acts in response to the litigation that achieves the result sought by the plaintiff – is not basis for prevailing party status); *Akers v. Nicholson*, 409 F.3d 1356, 1360 (Fed. Cir. 2005) (holding that a remand due to an intervening Court decision did not render the appellant a prevailing party for EAJA purposes).

To be a prevailing party and to be brought across the threshold and be entitled to "reasonable" attorney fees and expenses, the appellant need only prevail "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit".  *Hensley*, 461 U.S. at 433 (stating that prevailing party status is a "generous formulation that brings the plaintiff only across the statutory threshold"); *Sumner v. Principi*, 15 Vet.App. 256, 261 (2001) (en banc)("[I]n order to attain prevailing-party status, a party is required to receive at least some relief on the merits of his claim." (internal quotation marks omitted)).  Thus, it is well settled that an appellant is considered a "prevailing party" (1) when he prevails on a claim as a result of administrative error, but does not prevail on unrelated claims within the same suit, *see Hensley,* 461 U.S. at 434, or (2) even when an appellant's success in the suit was not related to the work of his attorney or not proportional to the total number of attorney work hours expended, *id.*  Otherwise stated, even when only a part of a Board decision is remanded based on administrative error, an appellant meets the threshold requirement for an EAJA award.

Here, Mr. Vazquez-Flores was a prevailing party in his appeal because the decision of the Board was set aside and the matters on appeal remanded for further adjudication predicated, in part, on administrative error.  *See Sumner*, 15 Vet.App. at 261 (citing *Buckhannon*, 532 U.S. at 603 (a "remand does not constitute some relief on the merits' unless that remand is predicated upon administrative error")); *see also Hensley*, *supra*.  Specifically, his claim for benefits for a neuropsychiatric disorder was remanded because the Board provided an inadequate statement of reasons or bases.  Similarly, his claim for benefits for nephrolithiasis was remanded, in part, based on the failure of the Board to address possible entitlement to TDIU.

## B. Substantial Justification Depends on the Totality of Circumstances.

Once an EAJA applicant alleges that the Secretary's position was not substantially justified, the burden shifts to the Secretary to demonstrate that his position was substantially justified at the

administrative and litigation stages. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) ("[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.); *Locher v. Brown*, 9 Vet.App. 535, 537 (1996); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994) (the Secretary's position is substantially justified "'if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988))). Substantial justification is based on the totality of circumstances, which includes consideration of, inter alia, "merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court." *White v. Nicholson*, 412 F.3d 1314, 1317 (Fed. Cir. 2005) ("The totality of circumstances, by its very description, does not exclude any valid issue from consideration.").

The Secretary does not assert substantial justification with regard to Mr. Vazquez-Flores's claim for benefits for neuropsychiatric disorder. And, to the extent he maintains that he was substantially justified with regard to the increased rating claim for nephrolithiasis, that argument fails. To be sure, the Secretary succeeded in demonstrating that inadequate notice was not prejudicial such that he prevailed in his litigation position on that issue. Similarly, the Court's remand of possible entitlement to an extraschedular rating associated with Mr. Vazquez-Flores's service-connected nephrolithiasis was due to the fact it was inextricably intertwined with readjudication of possible entitlement to benefits for a neuropsychiatric disorder, as opposed to administrative or litigation error, or lack of substantial justification at either the administrative or litigation stages.

Nevertheless, the Court sua sponte noted that the record reasonably raised the issue whether Mr. Vazquez-Flores's nephrolithiasis rendered him unemployable and whether he was entitled to TDIU, and further noted that the Board failed to address these issues, warranting remand. *Vazquez-Flores v. Shinseki*, 24 Vet.App. 94 (2010); *see also Roberson v. Principi,* 251 F.3d 1378 (Fed. Cir. 2001) (Secretary must consider TDIU when a veteran makes a claim for the highest rating possible and submits evidence of a medical disability and of unemployment); *Carpenter v. West*, 11 Vet.App. 140, 146-47 (1998) (Board must review all issues reasonably raised by liberal reading of appeal).

6

Thus, remand of Mr. Vazquez-Flores's claim for increased benefits for nephrolithiasis was predicated, at least in part, on administrative error, defeating the Secretary's contention that he was substantially justified at the administrative stage. *See Stillwell*, *supra*.

### C. Reasonableness is Based in Part on Success of the Arguments Presented.

It is well settled that only reasonable fees and expenses may be awarded under EAJA, 28 U.S.C. § 2412(d); *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997) ("Once it is determined that a claimant is entitled to an EAJA award, the Court still must determine what is a 'reasonable' fee."), and that an applicant has the burden of demonstrating the reasonableness of his request for an EAJA award, *Blum v. Stenson*, 465 U.S. 886, 897 (1984). Although "[t]he Court [generally] has wide discretion in the award of attorney fees under the EAJA," *Chesser v. West*, 11 Vet.App. 497, 501 (1998), there are limitations. For example, when an appellant is successful on one claim as a result of administrative error, but not successful as to other, distinct claims involved in the same litigation, work spent solely on the unsuccessful claims is not entitled to an EAJA award. *Hensley*, 461 U.S. at 434-35. Similarly, in addition to general reasonableness of the hours spent, there are specific factors for consideration when assessing the reasonableness of an EAJA award. *See id.* at 430 n.3 (listing factors); *McDonald v. Nicholson*, 21 Vet.App. 257, 263-64 (2007) (persuasive argument of Secretary); *Ussery*, 10 Vet.App. at 53 (listing of factors). Moreover, even though an appellant is a prevailing party and has presented arguments that are "interrelated, nonfrivolous, and raised in good faith," it may "say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id*. at 436.

### 1. *Reasonableness of Hours Billed on a Claim for Benefits for a Neuropsychiatric Disorder*

Mr. Vazquez-Flores's briefing and argument with regard to his claim for benefits for neuropsychiatric disorder were helpful, persuasive, and successful in demonstrating administrative error below that warranted remand. Therefore, the Court will award reasonable attorney fees and expenses directly incurred in his appeal of the Board's denial of benefits for a neuropsychiatric disorder. *See Blum, supra*.

### 2. *Reasonableness of Hours Billed on a Claim for Increased Benefits for Nephrolithiasis*

In regard to his increased rating claim for nephrolithiasis, Mr. Vazquez-Flores originally argued that the Board (1) erred by finding that he was adequately notified how to substantiate his

claim for an increased disability rating, and (2) provided an inadequate statement of reasons or bases with regard to its denial of an increased disability rating, including an extraschedular rating. In its January 2008 decision, the Court did not discuss Mr. Vazquez-Flores's reasons-or-bases argument, and remanded his increased rating claim because of insufficient notice. Upon clarification by the Federal Circuit as to the scope of notice the Secretary is required to provide, the Court determined that the Board erred in finding the Secretary's notice adequate, but it further found that the error was not prejudicial. However, the Court remanded the Board's denial of an increased rating for nephrolithiasis because it found that entitlement to an extraschedular rating was inextricably intertwined with the remand of the claim for benefits for neuropsychiatric disorder. The Court also sua sponte found that the Board failed to address entitlement to total disability based on individual unemployability (TDIU), which reasonably was not raised by Mr. Vazquez-Flores but had been raised by the record, and remanded this matter for further adjudication.

Although Mr. Vazquez-Flores originally asserted a reasons-or-bases error in the Board's denial of an increased schedular disability rating, including an extraschedular rating, for his nephrolithiasis, this argument was not addressed in any of the judicial decisions on this case. With regard to the Board's statement in support of its denial of an increased schedular disability rating for nephrolithiasis, it is presumed that the Board's decision facilitated judicial review and otherwise was adequate with regard to that matter. *See Maggitt v. West*, 202 F.3d 1370 at 1380-81 (Fed. Cir. 2000) (in context of affirming Board decision on an issue, noting that argument not addressed is presumed considered and rejected); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995) (Board's statement "must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court").

However, because the Court sua sponte noted that the matter of entitlement to an extraschedular rating was inextricably intertwined with the remand of the claim for benefits for a neuropsychiatric disorder and remanded the matter on that basis, no determination – presumptive or otherwise – was rendered with regard to the Board's statement regarding an extraschedular rating. What is clear, is that the Court did not rely on Mr. Vazquez-Flores's argument that the Board's statement on this issue was inadequate, and never found, implicitly or explicitly, that the Board inadequately addressed this issue. Similarly, although the Court remanded the matter of entitlement

8

to TDIU based on administrative error, such error was found sua sponte by the Court. In effect, remand of Mr. Vazquez-Flores's claim for benefits for nephrolithiasis is due solely to the intervening decisions of the Court with regard to error and inextricable intertwining, which intervening decisions – but for the fact Mr. Vazquez-Flores prevailed on his arguments with regard to his claim for benefits for neuropsychiatric disorder, and therefore the litigation as a whole – would not warrant prevailing party status or an EAJA award. *Cf. Akers*, 409 F.3d at 1360 (holding that a remand due to an intervening Court decision did not render the appellant a prevailing party for EAJA purposes); *see also McCormick v. Principi*, 16 Vet.App. 407, 411 (2002) (noting that the Court should not "revisit at the EAJA stage the logic of the merits decision").

Under such circumstances, where the arguments presented by Mr. Vazquez-Flores with regard to his claim for benefits for nephrolithiasis were either rejected or otherwise not the basis for remand, and where the Court did not find administrative error with regard to this claim based on any of Mr. Vazquez-Flores's arguments, we do not find an EAJA award for the arguments presented to be reasonable. *Hensley*, *McCormick*, and *Chesser*, all *supra*.

### D. Calculation of Hours and Expenses Spent on Each Claim on Appeal

On behalf of his primary attorney, Ms. Kathy Lieberman, Mr. Vazquez-Flores requests $20,434.81 in EAJA fees for 130.1 hours spent on the case and $307.33 for expenses. Ms. Lieberman billed 6.7 hours for work on the claim for benefits for a neuropsychiatric disorder. Both the hours and expenses claimed are reasonable on their face and will be awarded. Another 40.1 hours were spent on research, drafting, and preparing for the oral argument, but it is not clear what part of the effort applied to Mr. Vazquez-Flores's argument related to his claim for benefits for a neuropsychiatic disorder and what part applied to the argument related to his claim for benefits for nephrolithiasis. The time billed will be apportioned equally, and 20.1 hours will be awarded. *See Elcyzyn v. Brown*, 7 Vet.App. 170, 177-78 (1994) (apportioning hours spent on argument and preparation thereof); *see also Blum* and *Chesser*, both *supra*.

Ms. Lieberman also billed 30.2 hours for general case management. This time does not appear unreasonable on its face, and the full time billed for this work will be awarded. *See Elcyzyn*, *supra* (actions such as reviewing the record, interviewing the client and undertaking procedural tasks are "inextricably linked to the preparation of the entire case and there is no basis for an equitable

apportionment").  Overall, 57 hours will be awarded for the time that can be attributed to work spent on the arguments related to general case management and the claim for benefits for nephrolithiasis. Additionally, Ms. Lieberman billed $307.33 in expenses, but failed to delineate the amount of expenses related to Mr. Vazquez-Flores's unsuccessful argument to the Federal Circuit and the amount of expenses charged following his appeal to the Federal Circuit.  Consequently, half of the requested expenses will be awarded: $153.66.

On behalf of his second attorney, Richard James, Mr. Vazquez-Flores requests $8,260.71 in EAJA fees for 49.3 hours spent on the case and $558.07 for expenses.  However, Mr. James's entire billing is for work on the matter appealed to the Federal Circuit and for which the arguments were not successful.  Consequently, no EAJA compensation shall be awarded. *See Hensley* and *Blum*, both *supra.*

## IV. CONCLUSION

Upon consideration of the foregoing, the Secretary's motion for judicial notice is granted and the appellant's EAJA application is GRANTED IN PART in the amount of $9,106.65 for 57 hours of attorney work and $153.66 in expenses.