# United States Court of Appeals for the Federal Circuit

---

**ROBERT L. SMITH,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1354

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-4391, Judge Amanda L. Meredith.

---

Decided: April 29, 2021

---

RACHEL BAYEFSKY, Akin Gump Strauss Hauer & Feld LLP, Washington, DC, argued for claimant-appellant. Also represented by Z.W. JULIUS CHEN, PRATIK A. SHAH; JOSHUA DAVID TATE, Los Angeles, CA; MEGHAN GENTILE, HAROLD HAMILTON HOFFMAN, III, Veterans Legal Advocacy Group, Arlington, VA.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JEFFREY B. CLARK, ELIZABETH MARIE

HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

ALLISON ZIEVE, Public Citizen Litigation Group, Washington, DC, for amici curiae Judge David L. Bazelon Center for Mental Health Law, National Veterans Legal Services Program, Public Citizen Foundation. Also represented by SCOTT L. NELSON.

_____

Before PROST, *Chief Judge*, PLAGER and O'MALLEY, *Circuit Judges*.

PLAGER, *Circuit Judge*.

This is a veterans case, presenting an important question of proper compensation under the Equal Access to Justice Act ("EAJA"), codified in relevant part at 28 U.S.C. § 2412. Under the EAJA's fee-shifting provisions, the Federal Government, if the statutory requirements are met, must reimburse attorneys' fees of a party who prevails in a lawsuit against the Government.

In this case, veteran Robert L. Smith was dissatisfied with the decision of the Department of Veterans Affairs regarding his claims for veterans' benefits. He took an appeal to the Court of Appeals for Veterans Claims ("Veterans Court"), an Article I tribunal first created in 1988 for reviewing final decisions of the Department of Veterans Affairs.[1] There he obtained a victory on the merits in part of his case against the Government. He then requested of the court an EAJA award for his appellate

_____

[1] *See generally* Veterans' Judicial Review Act of 1988, Pub. L. No. 100-687, 102 Stat. 4105 (1988).

counsel. The Veterans Court agreed to an award which included time spent by the attorney in the initial review of the record in the case. That time comprised 18 hours spent on an initial review of the 9,389-page agency record. The court, however, imposed a reduction in that part of the award because the litigant prevailed on some but not all of the issues that were litigated.

The Veterans Court was of the view that this reduction was required as a matter of law by the EAJA. As we shall explain, this undervalued the importance of the initial review of the case, a review that is necessary before appellate counsel could determine what bases, if any, existed for an appeal, and is contrary to the purpose and law of the EAJA. Because the court erred in so concluding, we reverse-in-part, affirm-in-part, and remand the matter to the Veterans Court for an award consistent with this opinion.

## BACKGROUND

Appellant Robert L. Smith served on active duty in the U.S. Army for over twenty years, from February 1977 until November 1997, when he was honorably discharged. Subsequently, Mr. Smith filed claims with the Department of Veterans Affairs for veterans' benefits regarding various medical conditions he attributed to his military service; except as noted, the specific details of these conditions and claims are not relevant to the outcome in the case before us.

After his various claims were acted upon by the initial examining officials, with results not to his liking, Mr. Smith took his case to the Board of Veterans' Appeals, an administrative appellate board within the Department of Veterans Affairs ("VA"). In September 2017, that Board issued a lengthy decision granting some of Mr. Smith's claims but denying others to varying degrees.

In November 2017, Mr. Smith appealed the Board's decision to the Veterans Court. Before that court, Mr. Smith, now represented by attorneys, challenged the Board's decision with respect to seven of his denied benefit claims.

In March 2019, the Veterans Court issued a decision granting Mr. Smith relief with respect to one of the seven claims—concerning a gastrointestinal disorder—but upholding the Board's adverse decisions with regard to the other six claims appealed. The Veterans Court entered judgment in April 2019.

In June 2019, Mr. Smith, having successfully prevailed against the Government on at least one of his claims, filed an EAJA application with the Veterans Court for an award of attorneys' fees. He sought a total of $10,207.27 for 50.15 hours of attorney work and $89.36 in expenses. As noted, the attorney work included 18 hours of initial review of the record of the case—16.5 hours reading and taking notes on an administrative record consisting of 9,389 pages, and 1.5 hours on related matters.

In response to Mr. Smith's application, the Government conceded the three basic requirements for an EAJA award: (1) that Mr. Smith was a prevailing party with respect to the gastrointestinal disorder claim; (2) that the VA's contrary position was not substantially justified; and (3) that no special circumstances made an award unjust. However, the Government argued that the amount was unreasonable because Mr. Smith only prevailed with respect to one of the seven claims appealed.

In reply, Mr. Smith noted that he had already agreed to various adjustments and had reduced his overall request from $10,207.27 to $7,320. He continued, however, to seek the full fees requested for the initial record review performed by his appellate counsel. Mr. Smith stated that such review was necessary for *any* appeal, and

argued that, had he appealed *only* the successful claim, presumably the Veterans Court would have awarded fees for the entire time spent on record review.

In November 2019, the Veterans Court, in a single-judge order, denied the full amount claimed for the 18 hours of record review and granted it for 6 hours. The court stated that "[b]ecause counsel's review of the RBA [Record before the Agency] in this case 'presumably pertained to both the prevailing and nonprevailing [*sic*] issues,' the Court concludes that reductions are warranted to account for time spent reviewing and taking notes regarding evidence related to the six unsuccessful claims." J.A. 4.

The court cited *Cline v. Shinseki*, 26 Vet. App 18, 19 (2012) as controlling authority. Mr. Smith timely appealed to this Court; a central issue in the appeal being the reduction of attorney hours spent initially reviewing the 9,389-page record from 18 hours to 6 hours.

## DISCUSSION

### I.   The Principle of the Thing

The casual reader may be surprised that the Government conducts litigation up to a U.S. Court of Appeals in Washington over what amounts to about $2,000, the difference between what the Veterans Court concluded the Government owed under the EAJA and what the appellant Mr. Smith claimed. But as the saying goes, it is not the money, it is the principle of the thing.

The principle in this case, and equally important in future cases, is whether, in a case in which not all claims succeed, an appellate counsel who spends significant time initially reviewing the extensive record of the case in preparation for representing a client on appeal is entitled to recompense under the EAJA for the time thus spent. Or is the rule instead that counsel is entitled to reimbursement only for a fractional proportion of that time

based not on the number of potentially valid legal theories counsel identifies from the review and presents on appeal, but only on that fraction that captures the favor of the appellate court?

The Government invites our attention to the fact that in this case the Veterans Court award was actually generous, since it granted an award at a rate higher than the proportion of the claims upon which Mr. Smith succeeded. Thus, says the Government, since Mr. Smith was unsuccessful on 86% of the claims raised, the Veterans Court would have been within its discretion to reduce the number of hours claimed on initial record review to one-seventh, or 14%, of the hours originally claimed rather than the roughly one-third reduction made. (We note that the Government argued for the smaller 14% outcome before the Veterans Court but was unsuccessful.)

In appellate work some lawyers use the "shotgun" approach—throw every plausible theory at the judges in hopes that one will stick. More experienced lawyers will often limit their case to perhaps two or three of the best theories available, figuring, correctly, that the shotgun approach suggests there really is no single good theory by which the appellant could prevail.

The problem is that counsel cannot know in advance what causes, and which theories, will win or lose on appeal against a determined Government; counsel can only make a best guess. But before making a guess, if it is to be an educated guess, counsel must know the facts of the case, how the earlier decision-makers viewed them, and the legal rules that apply.

Thus, invoking the proportional payout method as the applicable law of the EAJA regarding the preliminary review of the record encourages corner-cutting to save

time and cherry-picking of obvious matters, leaving all else aside. As Amici note[2]:

> Without a complete review, however, potential claims will likely be missed, and the briefing of claims that are brought may fail to identify all the relevant material facts and arguments. Government attorneys, meanwhile, being unaffected by the limitation on recovery of attorneys' fees, will not be similarly limited and surely, as competent appellate lawyers, will take the time to review the complete record of the proceedings below. The result will advantage one side of the case over the other and skew the briefing before the courts.

Amici Br. 17. Is this what Congress intended in enacting the EAJA?

## II. Jurisdiction to Decide

Before we can answer that question, the Government challenges our power (subject-matter jurisdiction) to address the question. When a case comes before this court with the Government having won in the earlier round, rarely does the Government fail to raise the question of this court's jurisdiction, objecting to our even hearing the case. It did not fail here. Admittedly, in appeals from the Veterans Court, this court's subject-matter jurisdiction is uniquely limited. *See* 38 U.S.C. § 7292.

---

[2]    Amici, the Judge David L. Bazelon Center and several other organizations, emphasize the negative impact the Veterans Court rule has on Congress's purpose in enacting the EAJA, not only on veterans cases but for all aggrieved plaintiffs.

Congress has decreed that we have jurisdiction to address questions of law, but not questions of fact or applications of law to fact. *Id.* However, in those cases in which we do have subject-matter jurisdiction, we decide all relevant questions of law and set aside any statutory interpretation that is "arbitrary, capricious, an abuse of direction, or otherwise not in accordance with law." *Id.* § 7292(d)(1)(A).

The Government casts this case as an unreviewable one. It asserts that the Veterans Court made a purely factual determination that not all hours claimed for the initial review could have related directly to the successful claim, and then decided to reduce the award by applying to that fact what the court understood as settled law. The Government misapprehends the case. The Veterans Court's decision was premised not on the particulars of the facts, but on the court's interpretation of the law, specifically § 2412, based on its view of prior Veterans Court opinions.

It is certainly true that the EAJA does not permit compensation for lawyering time spent on behalf of claimants who do not have a winning case. When the claimant is a winner on the only issues argued, the matter is easily determined. Assuming both the time and the charges are reasonable and the three basic criteria, noted earlier, for an EAJA award are met, the claimant is entitled to reimbursement for the time spent by counsel in winning the case. Ordinarily no issue would be made about including an initial review of the record since it would be assumed to be a necessary part of preparation for the winning case.

In the circumstance when a case is partly won but partly lost, there arises a line-drawing problem—some kind of allocation must be made between the winning and losing issues and the lawyering time spent on each. Since unsuccessful (non-prevailing) claims existed in this case, the Veterans Court interpreted the statute as requiring a

presumption that attorney time spent on initial record review must be allocated between the successful and unsuccessful claims. According to the Veterans Court, the statute required a reduction in time spent on record review whenever an unsuccessful issue has been claimed, regardless of whether the time spent on record review was initially necessary for identifying the potential issues—both winners and losers—for appeal.

As we shall explain more fully below, the Veterans Court's view of the statutory mandate was mistaken. We have jurisdiction in this matter because Mr. Smith's appeal presents a question of law—whether the Veterans Court properly interpreted the EAJA, 28 U.S.C. § 2412, when rendering its decision. Here, we review the interpretation of the EAJA as a question of law, without deference to the Veterans Court's view. *See Patrick v. Shinseki*, 668 F.3d 1325, 1329 (Fed. Cir. 2011).

### III. Attorneys' Fees Under the EAJA

In general, the EAJA requires an award of fees, including reasonable attorney fees and expenses, to a prevailing party upon proper application, unless the Government's contrary position was substantially justified, or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The EAJA's essential purpose is "to ensure that litigants 'will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved.'" *Patrick*, 668 F.3d at 1330 (footnote and citation omitted). *See also* H.R. Rep. No. 98-992, at 4 (1984); S. Rep 98-586, at 9 (1984); Matthew L. Wiener, Admin. Conf. of the United States, *Equal Access to Justice Act Awards Report to Congress Fiscal Year 2019* (Mar. 2020).

According to the Supreme Court, a prevailing party under the EAJA should recover for time "reasonably expended" on successful claims, but not on unsuccessful claims. *See Comm'r v. Jean*, 496 U.S. 154, 161 (1990);

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).[3]  In explaining the line-drawing process, the Court stated:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.  Such a lawsuit cannot be viewed as a series of discrete claims.  Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. . . . There is no precise rule or formula for making these determinations.

*Hensley*, 461 U.S. at 435–36.

Accordingly, in an appropriate case, courts properly award attorney fees for time necessarily spent on a successful claim, even if that time was also spent on unsuccessful claims.  *See, e.g.*, *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988) ("A partially prevailing plaintiff should be compensated for the legal expenses he would have borne if his suit had been confined to the ground on which he prevailed plus related grounds within the meaning of *Hensley*.").  The relevant inquiry is whether the time spent was "reasonably expended."  *See Wagner v. Shinseki*, 640 F.3d 1255, 1262 (Fed. Cir. 2011).

In this case, in an appeal that was only partially successful, Mr. Smith submitted an application for attorney fees, including time spent initially reviewing the record.  Rather than determining whether that time could be reasonably understood as preparation for bringing the successful claim, the Veterans Court assumed that be-

---

[3]    Courts also have discretion to reduce or deny awards for certain dilatory conduct by a prevailing party. 28 U.S.C. § 2412(d)(1)(C).

cause such time must have been spent on both the successful and unsuccessful claims, it therefore required a reduction in those hours.  This was error.

The Veterans Court misinterpreted § 2412 by adopting such a rule.[4]  There is no statutory requirement that time reasonably expended in initial record review must be reduced, merely because there were eventually both successful and unsuccessful claims pursued in the case. To the contrary, the law requires that Mr. Smith's counsel be compensated for time that was necessarily expended on the initial review of the record, regardless of whether some of the claims that came from that review ultimately were found not to prevail, if that time was necessary for a successful appeal.  *See Hensley*, 461 U.S. at 435.

Time spent reviewing the record is indispensable to pursuing any appeal, regardless of how many issues are ultimately appealed and regardless of the degree of success.  Indeed, before this court and the Veterans Court, the Government admitted that an attorney must always review the entire record at the outset in *any* appeal.  *See* Oral Argument at 17:15–17:25.  *See also* J.A. 196 (in response to EAJA application, the Government stated "it is sensible for attorneys in all cases to review the entirety of the record").  Failure to review the full record before identifying and asserting claims on appeal would do a

---

[4]     The court relied on *Cline*, 26 Vet. App. at 331, which misread *Vazquez-Flores v. Shinseki*, 26 Vet. App. 9, 17 (2012).  In *Vazquez-Flores*, the court actually awarded attorney fees for general case management and correctly noted that time for record review was permitted and "inextricably linked to the preparation of the entire case and there is no basis for equitable apportionment."  26 Vet. App. at 17 (quoting *Elcyzyn v. Brown*, 7 Vet. App. 170, 177 (1994)).

disservice not only to the client, but also to the court, which relies on counsel to frame the issues and point the court to the relevant materials.

The concerns underlying the EAJA are particularly important in the context of veterans' cases such as Mr. Smith's appeal. *See, e.g.*, *Patrick*, 668 F.3d at 1330. Most veterans pursue their claims before the Department of Veterans Affairs, including up through the Board of Veterans' Appeals, either *pro se* or with non-lawyer assistance of a veterans' service organization ("VSO") or similar organization. *See, e.g.*, Connie Vogelmann, Admin. Conf. of the United States, *Self-Represented Parties in Administrative Hearings* 30 (Oct. 28, 2016) (stating that more than 75% of veterans who appeared before the Board in 2015 were represented by VSOs or similar organizations).

The time spent by Mr. Smith's attorney on initial record review was necessarily expended on preparation for developing the case, including the successful claim, and would have been necessary for any appeal. But that time was particularly necessary here. As this court has recognized, although VSOs "provide invaluable assistance to claimants seeking to find their way through the labyrinthine corridors of the veterans' adjudicatory system, they are 'not generally trained or licensed in the practice of law.'" *Comer v. Peake*, 552 F.3d 1362, 1369 (Fed. Cir. 2009) (citation omitted).

By contrast, cases before the Veterans Court often have the benefit of an attorney from a veterans' organization or a law firm's *pro se* advocacy group. In this case, Mr. Smith was represented by attorneys from the Veterans Legal Advocacy Group. Competent appellate representation requires careful review of the full record in these cases, since the record was not necessarily made by persons trained in legal appeals. While record review is

necessary for *any* successful appeal, it is especially necessary in a case such as this.

Indeed, if Mr. Smith had brought only the successful claim, those hours would have been fully compensated. Here, the facts are undisputed: Mr. Smith's attorney spent 18 hours on her initial review of the 9,389-page record. She spent that time to read the record, take notes on it, and ensure compliance with the Veterans Court's rules. There may be instances in which the time spent on reviewing the record is unreasonable or could be apportioned—this is not one of them.

Based on the proper legal interpretation of § 2412 in light of *Hensley*, the Veterans Court should not have denied compensation for the reasonable time Mr. Smith's attorney spent initially reviewing the record. We have considered the parties' remaining arguments and found them unpersuasive.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the Veterans Court with respect to its interpretation of § 2412 and its concomitant reduction in reimbursable attorney time spent on initial record review. We remand with instructions to increase the amount awarded from $5,191.61 to $7,603.61, to reflect an increase of $2,412 based on the 18 hours of record review, at the undisputed rate of $201 per hour.[5]  We affirm the remainder of the Veterans Court's decision.

## REVERSED-IN-PART, AFFIRMED-IN-PART, AND REMANDED

---

[5]    The fact that the statutory citation for the EAJA and the amount of dollars owed to the Appellant happens to be the same number is purely coincidental.

14                                     SMITH v. MCDONOUGH

COSTS

Costs are awarded to the Appellant.